UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| SHELIA RISSEEUW, | : | 4:25-CV-04154-RAL |
| Plaintiff, | : | |
| v. | : | |
| CITY OF SIOUX FALLS, CITY OF SIOUX FALLS POLICE DEPARTMENT, JORDAN TAYLOR and MICHAEL CLIFF, | : | **DEFENDANTS' JOINT ANSWER** |
| Defendant. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Defendants Jordan Taylor, Michael Cliff, the City of Sioux Falls, and the Sioux Falls Police Department (collectively, "Defendants") submit the following Joint Answer to the Complaint filed by Shelia Risseeuw:

1. Defendants deny each and every allegation, matter, and thing set forth in Plaintiff's Complaint, except for those allegations specially admitted or qualified in this Joint Answer.

2. As to Paragraph 1, Defendants are without sufficient information to admit or deny the allegations contained therein, but Defendants do not deny Plaintiff's allegation that she is a resident of Cherry County, Nebraska.

3. Defendants admit Paragraph 2.

4. Defendants admit the allegation in Paragraph 3 that the Department is a department of the City established by ordinance for administrative purposes but deny that the Department is a separate legal entity amenable to suit.

1

Case No. 4:25-CV-04154-RAL
Defendants' Joint Answer

5. Defendants admit Paragraph 4.

6. As to Paragraph 5, Defendants admit that complete diversity exists between the parties but deny that the amount in controversy exceeds $75,000.00.

7. As to Paragraph 6, Defendants admit that venue is proper.

8. As to Paragraph 7, Defendants admit that on or about August 25, 2023, Plaintiff was operating a motor vehicle at the intersection of East 10th Street and South Cliff Avenue in Sioux Falls but deny that Plaintiff was traveling eastbound. Defendants affirmatively state that Plaintiff was traveling westbound on East 10th Street.

9. Defendants admit Paragraph 8.

10. As to Paragraph 9, Defendants admit only that officers Taylor and Cliff began pursuing the offender near South Cliff Avenue and East 14th Street. Defendants deny that officers Taylor and Cliff engaged in a high-speed chase through residential areas and the other allegations in Paragraph 9.

11. Defendants admit the allegations in Paragraph 10 that officers Taylor and Cliff pursued the offender northbound on Cliff Avenue but deny the remaining allegations in Paragraph 10.

12. As to Paragraph 11, Defendants admit only that the offender made contact with another vehicle while northbound on Cliff Avenue.

13. As to Paragraph 12, Defendants admit only that the offender failed to stop at a red light and struck the Plaintiff's car but deny the remaining allegations in Paragraph 12.

14. Upon information and belief, Defendants admit Paragraph 13.

15. Defendants admit Paragraph 14.

16. Defendants deny Paragraph 15.

4909-4853-1046, v. 2

Case No. 4:25-CV-04154-RAL
Defendants' Joint Answer

17. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that they owe a duty of care to others but specifically deny that under these circumstances that the duty is as described and further deny that they breached the duty.

18. Defendants deny Paragraph 17 and all of its subparts.

19. Defendants deny Paragraph 18.

20. Defendants deny Paragraph 19.

21. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Paragraph 20.

22. Paragraph 21 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the duty is as described and that City or Department policies, procedures, or directives establish any alleged standard of care.

23. Paragraph 22 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Department policies, procedures, or directives establish any alleged standard of care.

24. Defendants deny Paragraph 23.

25. Defendants deny Paragraph 24.

26. Defendants deny that Plaintiff is entitled to any of the relief sought in her prayer for relief.

## AFFIRMATIVE DEFENSES

27. Defendants affirmatively allege that Plaintiff's claims against the City of Sioux Falls, Taylor, and Cliff are barred by sovereign immunity.

Case No. 4:25-CV-04154-RAL
Defendants' Joint Answer

28. Defendants affirmatively allege that Plaintiff's claims against all Defendants are barred by SDCL Chapter 21-32A.

29. Defendants affirmatively allege that Plaintiff's claims against all Defendants are barred by SDCL § 3-21-9.

30. Defendants affirmatively allege that Plaintiff's claims against officers Taylor and Cliff are barred by SDCL § 20-9-4.1.

31. Defendants affirmatively allege that officers Taylor and Cliff are to be held to the standard of care established by SDCL § 32-31-5.

Wherefore, Defendants pray that Plaintiff's Complaint be dismissed on its merits, with prejudice, that the Court award costs and disbursements, and for any other relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated this 8th day of September, 2025.

                WOODS, FULLER, SHULTZ & SMITH P.C.

            By  /s/ Jake R. Schneider
              James E. Moore
              Jake R. Schneider
              PO Box 5027
              300 South Phillips Avenue, Suite 300
              Sioux Falls, SD 57117-5027
              Phone (605) 336-3890
              Fax (605) 339-3357
              Email:  James.Moore@woodsfuller.com
                  Jake.Schneider@woodsfuller.com
              *Attorneys for Defendants*

4909-4853-1046, v. 2