UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| SHELIA RISSEEUW, | : | 4:25-CV-04154-RAL |
| Plaintiff, | : | |
| v. | : | |
| CITY OF SIOUX FALLS, CITY OF SIOUX FALLS POLICE DEPARTMENT, JORDAN TAYLOR and MICHAEL CLIFF, | : | JOINT RULE 26(f) DISCOVERY REPORT |
| Defendant. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Pursuant to Rule 26(f) of the Fed. R. Civ. P., the parties hereby make the following Joint Discovery Report:

A.  **Date and Place of the Meeting and Identification of the Parties, their Attorneys, and Insurers**

1.  The date and place at which the meeting was held;

    **The parties held the Rule 26(f) meeting telephonically on October 6, 2025.**

2.  Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting;

    | **Plaintiff** | **Defendants** |
    |---|---|
    | Shelia Risseeuw | City of Sioux Falls |
    | | 224 W. 9th St. |
    | | Sioux Falls, SD 57104 |
    | | |
    | | Sioux Falls Police Department |
    | | 320 W. 4th St. |
    | | Sioux Falls, SD 57104 |

1

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

Jordan Taylor
320 W. 4th St.
Sioux Falls, SD 57104

Michael Cliff
320 W. 4th St.
Sioux Falls, SD 57104

| **Attorneys for Plaintiff** | **Attorneys for Defendant** |
|---|---|
| Robert L. Meadors | James E. Moore |
| Brende & Meadors, LLP | Jake R. Schneider |
| 200 S. Phillips Ave., Ste. 100 | Woods, Fuller, Shultz & Smith P.C. |
| P.O. Box 1024 | 300 S. Phillips Ave., Ste. 300 |
| Sioux Falls, SD 57101-1024 | P.O. Box 5027 |
| rlm@bsmllp.com | Sioux Falls, SD 57117-5027 |
| | James.Moore@woodsfuller.com |
| and | Jake.Schneider@woodsfuller.com |

Andrew D. Sibbernsen – *Pro Hac Vice*
Sibbernsen Law Firm, P.C.
17838 Burke St., Ste. 200
Omaha, NE 68118
Andy@sibblaw.com

3. Name of any liability insurance carriers who may have coverage, whether primary or excess, applicable to the claims and amount of liability coverage available;

   **The City is a member of the South Dakota Public Assurance Alliance, which is a risk-sharing pool. The coverage limit is $5,000,000.**

**B. Description of the case**

4. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses;

   **Plaintiff's Allegations**

   Plaintiff alleges that on or about August 25, 2024, Sioux Falls police officers Jordan Taylor and Michael Cliff, while acting in the course of their employment, negligently pursued a fleeing suspect, that their pursuit caused the fleeing suspect to crash into Plaintiff's car, and that Plaintiff sustained damages as a result of Defendants' negligent pursuit. Plaintiff further alleges that the Police Department and/or the City of Sioux Falls failed to train its officers and/or failed to implement and enforce pursuit policies.

4918-5029-5921, v. 1

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

**Defendant's Response**

Defendants deny that officers Cliff and Taylor acted negligently in their pursuit of a fleeing suspect. Defendants further deny that the Sioux Falls Police Department is a legal entity amendable to suit. As affirmative defenses, Defendants allege that claims against the City of Sioux Falls and officers Taylor and Cliff are barred by sovereign immunity; that claims against all Defendants are barred by SDCL Chapter 21-32A and by SDCL § 3-21-9; that all claims against officers Taylor and Cliff are barred by SDCL § 20-9-4.1; and that officers Taylor and Cliff are to be held to the standard of care established by SDCL § 32-31-5.

5. A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as citing any statute on which jurisdiction is based;

**Jurisdiction is based on 28 U.S. Code § 1332. Plaintiff is a resident of Nebraska, and all Defendants are residents of South Dakota, and the City of Sioux Falls is a resident of South Dakota for diversity purposes. Plaintiff alleges that the amount in controversy exceeds $75,000. Defendant denies that the amount in controversy exceeds $75,000.**

6. A brief statement of the material issues to be resolved;

**(1) Whether the Defendant officers were negligent in their pursuit of a fleeing suspect and, if so, (2) whether that negligence was the direct and proximate cause of Plaintiff's alleged injuries; (3) whether Defendants are entitled to sovereign immunity; (4) whether Defendants are entitled to immunity pursuant to SDCL Ch. 21-32A and/or SDCL § 3-21-9; (5) whether officers Taylor and Cliff are held to the standard of care established by SDCL § 32-31-5 rather than ordinary negligence; and (6) whether the Sioux Falls Police Department is an entity amenable to suit.**

**C. Pleadings**

7. A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state);

**The Plaintiff has filed a summons and complaint. The Defendants have filed a Joint Answer. At this time, there are no planned amendments to the pleadings, but the parties may seek to amend later as discovery progresses.**

8. The date by which all motions which seek to amend the pleadings or add parties will be filed;

**December 1, 2025.**

4918-5029-5921, v. 1

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

9. Whether jury trial is available under the law, and whether a jury trial has been timely demanded;

   **A jury trial is available under the law, and both parties timely demanded a trial by jury.**

**D.      Initial Discovery Plan**

10. Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed;

    **November 15, 2025.**

**E.      Initial Discovery Plan**

11. The procedure to be used for disclosure or discovery of electronic information;

    **The parties will endeavor to produce documents in PDF format but reserve the right to request production of documents in native format.  Documents will be produced via secure electronic file transfer.**

12. The number of interrogatories, requests for production, and requests for admissions each party shall be permitted to serve;

    **The parties agree that each side shall be permitted to serve no more than twenty-five interrogatories, including concise subparts, and twenty-five requests for admission unless the Court grants leave to serve additional interrogatories or requests for admission.**

    **The parties request that the Court not set a limit at this time on the number of document requests that each party may serve.  Each party reserves the right to seek relief from the Court if the other side serves an unreasonable number of requests.**

13. The maximum number of depositions by each party (excluding expert witness depositions);

    **Each party may take up to 10 depositions, excluding expert witness depositions.**

14. The limits on the length of depositions, in hours;

    **Depositions will be limited to seven hours, unless the parties agree otherwise.**

15. The date by which all discovery (including expert discovery) shall be completed;

    **July 31, 2026.**

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

16. A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant;

   **Plaintiff intends to call a medical expert.**

   **Defendant is uncertain whether expert testimony is necessary, but may call experts to address liability and Plaintiff's medical expert.**

17. The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2);

   **Plaintiff will disclose experts by March 31, 2026.**
   **Defendants will disclose experts by April 30, 2026.**

18. Whether the parties anticipate expert depositions;

   **Yes, the parties anticipate expert depositions.**

19. The number of expert depositions each party shall be permitted to take;

   **Each party shall be permitted to take one (1) deposition of each expert designated by the opposing party, unless a new opinion is disclosed. If a new opinion is disclosed by an expert, an additional deposition may be taken on the new opinion.**

20. The frequency with which discovery responses must be supplemented pursuant to Rule 26(e);

   **As soon as reasonably practicable, but no later than 60 days before trial.**

**F.   Dispositive Motions and Trial**

21. Date by which all dispositive motions shall be filed;

   **September 30, 2026.**

22. Estimated number of days needed for trial including jury selection and instructions;

   **Three days.**

23. Whether the parties consent to assignment of the case to a United States Magistrate Judge.

   **No.**

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

G. **Settlement**

The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties shall be fully prepared to advise the Court about the status of settlement discussions. The parties shall advise the Court if and when they desire a settlement conference with a Magistrate Judge.

24. Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant shall respond in writing to this demand as soon as possible. If Plaintiff is unable to make a settlement demand, Plaintiff shall explain why Plaintiff was unable to make a demand, and the earliest date the parties can realistically evaluate settlement;

**Plaintiff made a written settlement demand. Defendant rejected that demand.**

25. Any other matters the parties want to raise to the Court.

**None at this time.**

Dated this 9 day of October, 2025.

                      BRENDE & MEADORS, LLP

                      By _____
                      Robert L. Meadors
                      2900 S. Phillips Ave., Ste. 100
                      P.O. Box 1024
                      Sioux Falls, SD 57101-1024
                      Phone: 605-333-0070
                      Fax: 605-333-0121
                      rlm@bsmllp.com

                      and

                      Andrew D. Sibbernsen – *PHV Pending*
                      Sibbernsen Law Firm, P.C.
                      17838 Burke St., Ste. 200
                      Omaha, NE 68118
                      Phone: 402-493-7221
                      Fax: 402-397-3515
                      Andy@sibblaw.com

4917-1576-7400, v. 1

Case No. 4:25-CV-04154-RAL
Joint Rule 26(f) Discovery Report

Dated this 10th day of October, 2025.

                                        WOODS, FULLER, SHULTZ & SMITH P.C.

                            By   /s/ Jake R. Schneider
                                  James E. Moore
                                  Jake R. Schneider
                                  PO Box 5027
                                  300 South Phillips Avenue, Suite 300
                                  Sioux Falls, SD 57117-5027
                                  Phone (605) 336-3890
                                  Fax (605) 339-3357
                                  Email:  James.Moore@woodsfuller.com
                                                    Jake.Schneider@woodsfuller.com
                                  *Attorneys for Defendants*

4918-5029-5921, v. 1