UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHELIA RISSEEUW,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SIOUX FALLS, CITY OF SIOUX FALLS POLICE DEPARTMENT, JORDAN TAYLOR, MICHAEL CLIFF,<br><br>Defendants. | 4:25-CV-04154-RAL<br><br>PROTECTIVE ORDER |

Based on the stipulation of the parties, the Court enters the following Protective Order:

1.      That any party may mark a document produced in discovery "confidential" if it believes the document qualifies for protected status. Information qualifying for protected status shall be limited to private, non-public information, including law enforcement records, policies, training materials, and other documents; non-public financial and business records; personnel data and files, including performance evaluations and disciplinary information; information obtained from third parties pursuant to a nondisclosure agreement; trade secrets or other research, development, or commercial information; and any other information that is generally treated as confidential or proprietary by the designating party.

2.      That upon received written notice that the producing party provided a document that should have been, but was not, marked "confidential," the receiving party shall treat the document as though it had been properly designated pending receipt of a correctly marked copy.

3.     That all documents marked "confidential" shall be subject to the following:

   a.     By marking a document "confidential," the party acknowledges that the document is a true, correct, and authentic copy of the document requested. A party may assert any other objections to use of the document, including relevance.

   b.     After receiving production of any document, a party may challenge either immediately or in the future, whether any particular document is entitled to protected status, and shall have the right to present the document to the court under seal to determine whether the document is entitled to protected status, or whether the protective order should be amended or changed. The party asserting protected status of a document retains the burden of proving that the document in question is actually entitled to protection.

   c.     The parties may use the documents only in this case, and may disclose the documents to witnesses, consultants, and experts and counsel's staff. Each such person shall be informed of this protective order and agree, either orally or in writing, to be bound by it.

   d.     Within ten days after receiving a deposition transcript containing "confidential" information, a party may designate pages of the transcript and exhibits "confidential." Arrangements shall be made with the court reporter and videographer transcribing or recording the testimony to separately bind and record the designated "confidential" portions and to mark the cover page and each page of the transcript and any video recording as "Confidential—subject to Protective Order." Any extra charges by the

court reporter or videographer shall be borne by the party asserting confidential status. Until expiration of the ten-day period, the entire deposition, exhibits, and video recordings shall be treated as subject to protection under this order.

e.  All originals and copies shall be destroyed or returned to the producing party within sixty (60) days of the conclusion of the case, including any appeals.

f.  The parties cannot file sealed documents in CM/ECF. If it is necessary to attach a protected document to a pleading, the filing party shall file an attachment to the pleading with a notation that the protected document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. The filing party must manually serve the protected document on the opposing party—meaning not through PACER, but by emailing or mailing them to the opposing party.

g.  When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless the filing party delivers the protected document to the Clerk of Court with a written request to return the document to the filing party.

DATED this 12th day of November, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE